IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF ADRIAN W.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF ADRIAN W., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

MAXIMILIANO L., JR., APPELLANT.


Filed October 6, 2015.    No. A-15-021.


Appeal from the County Court for Cheyenne County: RANDIN ROLAND, Judge. Reversed and remanded with directions.

Donald J.B. Miller, of Miller Law Office, for appellant.

Jonathon Stellar, Deputy Cheyenne County Attorney, for appellee.

Audrey M. Elliott, of Kovarik, Ellison & Mathis, P.C., guardian ad litem.


MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Maximiliano L., Jr. appeals from an order of the Cheyenne County Court, sitting as a juvenile court, denying his motion requesting that his minor son, Adrian W., be placed in his physical custody and care. For the reasons that follow, we reverse and remand with directions.

## BACKGROUND

Adrian is the child of Maximiliano and Alecia G. On November 19, 2014, the State filed a petition alleging that Adrian, who was 7 years old, was a child within the meaning of Neb. Rev.

Stat. § 43-247(3)(a) (Reissue 2008) due to the faults or habits of Alecia, Adrian's custodial parent. Specifically, Alecia had given birth to a child, Aliyah, on November 4 and the child tested positive for methamphetamine. The juvenile court entered an ex parte order the same day, removing Adrian from Alecia's home and placing him in the temporary custody of the Department for out of home placement. Alecia's other two children, Aliyah (newborn) and Anthony (2 years old), were also removed from the home. Adrian and Aliyah were placed with a maternal aunt. Anthony was placed with a different maternal aunt.

On December 8, 2014, Maximiliano filed a motion for change of placement in the juvenile court proceeding, asking that Adrian be placed in his physical custody and care. At the hearing on the motion, the evidence showed that prior to the juvenile court proceedings, Maximiliano had filed a motion for a change of custody of Adrian in a separate district court proceeding. Trial of his modification of custody motion was scheduled for December 19. The hearing on Maximiliano's motion for change of placement was held in the juvenile court on December 12.

During the summer of 2014, Maximiliano had custody of Adrian based on an agreement between Maximiliano and Alecia. This was the first time that Adrian had spent a significant amount of time with Maximiliano. During the summer months, Maximiliano coached Adrian's t-ball team, and worked with Adrian on showing his mother respect, picking up after himself, and using his manners.

Maximiliano was held in contempt of court in Box Butte County for refusing to return Adrian to Alecia in August 2014, which he testified was based on his safety concerns for Adrian due to Alecia's drug use. The Department did not consider the contempt in determining placement of Adrian because it did not know about it initially.

At the time of the hearing in juvenile court, Alecia was having supervised visits with her children. Visits between Alecia and Adrian, with the other children present, were occurring four to five times per week. Maximiliano had unsupervised visits with Adrian on Wednesday nights and every other weekend. Maximiliano lives in Alliance, Nebraska, which is 80 miles from Sidney, Nebraska, where Alecia lives. Alecia's two sisters who have placement of her children live in Sidney. Maximiliano testified that if Adrian was placed with him he would bring Adrian to Sidney for visits with Alecia as directed by the court.

Adrian was attending school in Sidney. He was in the second grade and was doing well in school. He had just started counseling and had his first session a couple days before the hearing. Maximiliano testified that if the court placed Adrian with him, he was willing to have Adrian complete the school semester in Sidney. He also indicated that he was willing to pursue counseling for Adrian in Alliance if Adrian was placed with him.

The Department completed a background check on Maximiliano and his parents, with whom he lived, as well as a walk-through of the home. Nothing was discovered which would prevent Maximiliano from having custody of Adrian.

The Department recommended that Adrian remain in his current placement because another change in his life would not be in his best interest. Brittney Phillips, a Department child and family services specialist, explained that Adrian had been through a lot of changes in the last year, including the loss of his grandfather who was the primary male role model in his life, the removal from his mother's home, and the addition of a sister. She testified that he is a sensitive child who becomes easily upset with change.

Audrey Elliott, the guardian ad litem for Adrian, recommended that the current placement continue, with the possibility of looking for a more neutral placement because of the strained relationship between Maximiliano and Alecia.

Phillips testified that Adrian reported to her that he does not like it when his father asks him so many questions during visits. Adrian told her that Maximiliano asks him questions about his mom and how things are going and when he says "fine" his father does not believe him. Elliott also testified that Adrian is bothered by the numerous questions from his dad about his mom.

Elliott testified that she had other concerns about placing Adrian with Maximiliano, such as Adrian reporting that he sometimes feels that Maximiliano's other children are treated better than he is when they are visiting; that Adrian is very attached to his brother Anthony and sister Aliyah; and that Adrian was doing well in school and school was one stable part of his life.

Phillips testified that based on information Adrian reported to her coworker, she questioned Maximiliano about whether he had spanked Adrian with a belt. Phillips testified that Maximiliano admitted to spanking Adrian several years ago, but denied spanking him with a belt. Maximiliano testified that he has spanked Adrian with his hand in the past, but did not use a belt.

Sarah Robinson, another child and family services specialist, testified that Adrian told her that Maximiliano has spanked him with a belt on more than one occasion and that he was afraid of his father.

Robinson testified that when a child is removed from the home of one parent, the Department prefers to place the child in the home of the other parent unless there are concerns in that home. She testified that other reasons for not placing the child with the non-offending parent include the distance between the child and the child's siblings, the child's schooling, and the child's counseling. She stated that the child's safety and best interests are the biggest factors used to determine placement.

Following the hearing, the juvenile court denied Maximiliano's motion and continued Adrian's placement with his maternal aunt.

## ASSIGNMENTS OF ERROR

Restated, Maximiliano assigns that the juvenile court erred in denying his motion for change of placement and continuing Adrian's placement with his maternal aunt.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Karlie D.,* 283 Neb. 581, 811 N.W.2d 214 (2012). However, when the evidence is in conflict, an appellate court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over the other. *Id.*

## ANALYSIS

Maximiliano argues that the juvenile court erred in denying his motion for change of placement and continuing Adrian's placement with his maternal aunt. The juvenile court stated that it was continuing Adrian's placement with his maternal aunt because it believed that Adrian needed stability given the experiences and changes that he had recently gone through.

The juvenile court failed to consider the parental preference doctrine and whether the State met its burden to prove that Adrian should not be placed with Maximiliano. In *In re Interest of Stephanie H. et al.*, 10 Neb. App. 908, 920, 639 N.W.2d 668, 679 (2002), we said that

> the burden is upon the State to allege and prove in a detention hearing that the juvenile court should not place children with their other natural parent after the expiration of the first 48 hours of emergency detention under Neb. Rev. Stat. § 43-250(4) (Cum. Supp. 2000) during a period of temporary detention pending adjudication spawned by allegations under § 43-247(3)(a) against their custodial parent.

The "parental preference doctrine" holds that in a child custody controversy between a biological parent and one who is neither a biological nor an adoptive parent, the biological parent has a superior right to custody of the child. *In re Interest of Stephanie H. et al., supra.* And

> [a] court may not properly deprive a biological or adoptive parent of the custody of the minor child unless it is *affirmatively shown* that such parent is unfit to perform the duties imposed by the relationship or has forfeited that right; neither can a court deprive a parent of the custody of a child merely because the court reasonably believes that some other person could better provide for the child.

*Id.* at 924, 639 N.W.2d at 681, quoting *In re Interest of Amber G., et al.*, 250 Neb. 973, 554 N.W.2d 142 (1996).

The petition to adjudicate Adrian and its allegations were made against Alecia, not Maximiliano. Adrian was removed from Alecia's care and custody because her newborn child tested positive for methamphetamine. Neither the State nor the Department made any allegation at any time prior to or during the hearing on Maximiliano's motion for change of placement that Maximiliano was unfit to have custody of Adrian or that Maximiliano had forfeited his rights to custody. Although there was testimony at the hearing that the Department had concerns about Maximiliano having placement of Adrian, there was no testimony that he was unfit. When denying Maximiliano's motion, the juvenile court did not make any findings that Maximiliano was unfit or had forfeited his rights.

Maximiliano had custody of Adrian during the entire summer preceding the hearing and there was no evidence of any issues or problems during this time. Maximiliano coached Adrian's t-ball team and worked with Adrian on showing his mother respect, picking up after himself, and using his manners.

At the time of the hearing, Maximiliano was having unsupervised visits with Adrian every Wednesday night and every other weekend. Maximiliano testified that if Adrian was placed with him, he would let him finish the semester at his school in Sidney before changing his placement. Maximiliano also testified that he would pursue counseling for Adrian in Alliance.

The Department completed a background check on Maximiliano and his parents, with whom he lived, as well as a walk-through of the home. Nothing was discovered which would have prevented Maximiliano from having custody of Adrian. Maximiliano had a suitable home for Adrian and a means to take care of him, as well as a family support system.

Although the Department and the guardian ad litem both recommended that Adrian continue to be placed with his maternal aunt and had various concerns about placing Adrian with

Maximiliano, there was no testimony that Maximiliano was unfit to have custody of Adrian. The evidence of Maximiliano spanking Adrian with a belt was weak and denied by Maximiliano.

Upon our de novo review of the evidence, we determine that the State failed to prove that Maximiliano was unfit to perform his parental duties or that he forfeited his custody rights. As a result, the parental preference doctrine dictates the result.

## CONCLUSION

We conclude that the juvenile court erred in denying Maximiliano's motion for change of placement. Accordingly, we reverse the order of the juvenile court denying Maximiliano's motion for change of placement and continuing placement of Adrian with his material aunt, and we direct the juvenile court to place Adrian with Maximiliano, pending adjudication of the allegations against Alecia in the juvenile petition.

REVERSED AND REMANDED WITH DIRECTIONS.